1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; QUINCY BIOSCIENCE, LLC, a Wisconsin limited liability company; and PREVAGEN, INC., a Wisconsin corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NELSON KAMWARO NYUTU, a Kenyan individual; A2X LLC, a Colorado limited liability company; A2X LTD., a Kenyan private limited company; JAMES JOSHUA KIMANI, a Kenyan individual; MOSES KAMAU MWANGI, a Kenyan individual; EZEKIEL DAVIDS NJUGUNA, a Kenyan individual; PETER JERRY JOHNSON, a Kenyan individual; JAMES MWASI MWADELE, a Kenyan individual; ALEX LEMISO NAIMODU, a Kenyan individual; DAVID MAGU KIBE, a Kenyan Individual; and DOES 1-10, <br><br> Defendants. | No. 2:23-cv-01681 <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

## I.    INTRODUCTION

1.    This case involves Defendants' unlawful and expressly prohibited sale of counterfeit Prevagen®-branded dietary supplements, which infringe on Quincy Bioscience, LLC's ("Quincy Bioscience") Prevagen trademark, and which violate the intellectual property

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

("IP") rights of Prevagen, Inc. ("Prevagen"), the manufacturer and distributor of genuine Prevagen-branded products.[1] Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") and the Quincy Bioscience Plaintiffs (together with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and the Quincy Bioscience Plaintiffs' customers, reputations, and IP, and to hold Defendants accountable for their illegal actions.

2.     Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2022 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from fraud and abuse. Amazon stopped over 800,000 suspected bad-actor selling accounts before they published a single listing for sale.

3.     Prevagen is a research-based biotechnology company that develops, markets, and sells dietary supplements used for, among other things, the support of cognitive function and other normal health challenges associated with aging. Prevagen's high-quality dietary supplements are widely available for retail purchase in brick and mortar stores throughout the United States, including Washington, and are also widely marketed and distributed through the Internet. Prevagen's main product is a dietary supplement product designed to support health and improve cognitive function and is sold under the trademark Prevagen.

4.     Quincy Bioscience is an affiliate of Prevagen. Quincy Bioscience owns, manages, enforces, licenses, and maintains IP, including various trademarks licensed to and used by the

---

[1] Quincy Bioscience and Prevagen are collectively referred to as the "Quincy Bioscience Plaintiffs."

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1  Quincy Bioscience Plaintiffs in connection with Prevagen-branded products sold in the United

2  States. Relevant to this Complaint, Quincy Bioscience owns the following registered trademark

3  ("Prevagen Trademark").

| Mark | Registration No. (International Classes) |
|------|------------------------------------------|
| PREVAGEN | 3,349,744 (IC 5) |

6  A true and correct copy of the registration certificate for the Prevagen Trademark is attached as

7  **Exhibit A**.

8       5.      Beginning in October 2021, Defendants registered with Amazon to sell in the

9  Amazon Store. From May 2022 through February 2023, Defendants advertised, marketed,

10  offered, distributed, and sold counterfeit Prevagen-branded products in the Amazon Store, using

11  the Prevagen Trademark, without authorization, in order to deceive customers about the

12  authenticity and origin of the products and the products' affiliation with the Quincy Bioscience

13  Plaintiffs.

14       6.      As a result of their illegal actions, Defendants have infringed and misused the

15  Quincy Bioscience Plaintiffs' IP; breached their contracts with Amazon; willfully deceived and

16  harmed Amazon, the Quincy Bioscience Plaintiffs, and their customers; compromised the

17  integrity of the Amazon Store; and undermined the trust that customers place in Amazon and the

18  Quincy Bioscience Plaintiffs. Defendants' illegal actions have caused Amazon and the Quincy

19  Bioscience Plaintiffs to expend significant resources to investigate and combat Defendants'

20  wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to

21  Amazon, the Quincy Bioscience Plaintiffs, and their customers.

22                          **II.      PARTIES**

23       7.      Amazon.com, Inc. is a Delaware corporation with its principal place of business

24  in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal

25  place of business in Seattle, Washington.

26       8.      Quincy Bioscience, LLC is a Wisconsin limited liability company with its

27  principal place of business in Madison, Wisconsin.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

9.      Prevagen, Inc. is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

10.      Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants are the individuals and entities who operated, controlled, and/or were responsible for the selling accounts detailed in **Schedule 1** attached hereto ("Defendants' Selling Accounts" or "Selling Accounts"). Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

11.      On information and belief, Defendant Nelson Kamwaro Nyutu, a/k/a Kamwaro Nelson, d/b/a A2X1 ("Defendant Kamwaro"), is an individual who resides in Nairobi, Kenya, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct related to the A2X1 Selling Account (the "A2X1 Selling Account") and derived a direct financial benefit from that wrongful conduct. On further information and belief, Defendant Kamwaro was also responsible for assisting and facilitating the sale of counterfeit Prevagen products by the other Selling Accounts listed in **Schedule 1**, and derived a direct financial benefit from that wrongful conduct. In addition, Defendant Kamwaro personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to Defendants A2X LLC and A2X Ltd., and derived a direct financial benefit from that wrongful conduct.

12.      On information and belief, Defendant A2X LLC ("Defendant A2X") is a Colorado limited liability company owned, operated, managed, and/or controlled by Defendant Kamwaro. On information and belief, Defendant A2X had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the A2X1 Selling Account, and derived a direct financial benefit from that wrongful conduct.

13.      On information and belief, Defendant A2X Ltd., a/k/a A2X Supplements Limited, a/k/a Fine Urban Interiors ("Defendant A2X Supplements"), is a Kenyan private limited

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

company owned, operated, managed, and/or controlled by Defendant Kamwaro. On information and belief, Defendant A2X Supplements had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the A2X1 Selling Account, and derived a direct financial benefit from that wrongful conduct.

14.     On information and belief, Defendant James Joshua Kimani, d/b/a Kitisuru Mall ("Defendant Kimani"), is an individual who resides in Nairobi, Kenya, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Kitisuru Mall Selling Account (the "Kitisuru Mall Selling Account"), and derived a direct financial benefit from that wrongful conduct.

15.     On information and belief, Defendant Moses Kamau Mwangi, d/b/a Milleys Malls ("Defendant Kamau"), is an individual who resides in Nairobi, Kenya, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Milleys Malls Selling Account (the "Milleys Malls Selling Account"), and derived a direct financial benefit from that wrongful conduct.

16.     On information and belief, Defendant Ezekiel Davids Njuguna, d/b/a Mac Defense ("Defendant Njuguna"), is an individual who resides in Nairobi, Kenya, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Mac Defense Selling Account (the "Mac Defense Selling Account"), and derived a direct financial benefit from that wrongful conduct.

17.     On information and belief, Defendant Peter Jerry Johnson, d/b/a Walgreen Deals ("Defendant Johnson"), is an individual who resides in Nairobi, Kenya, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Walgreen Deals Selling Account, and derived a direct financial benefit from that wrongful conduct.[2]

18.     On information and belief, Defendant James Mwasi Mwadele, d/b/a Gigiri Retail ("Defendant Mwadele"), is an individual who resides in Nairobi, Kenya, who personally

---

[2] This Selling Account has no affiliation with Walgreens.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Gigiri Retail Selling Account, and derived a direct financial benefit from that wrongful conduct.

19. On information and belief, Defendant Alex Lemiso Naimodu, d/b/a Kitisuru Mall ("Defendant Lemiso"), is an individual who resides in Nairobi, Kenya, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Kitisuru Mall Selling Account, and derived a direct financial benefit from that wrongful conduct.

20. On information and belief, Defendant David Magu Kibe, d/b/a Mac Defense ("Defendant Magu"), is an individual who resides in Nairobi, Kenya, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Mac Defense Selling Account, and derived a direct financial benefit from that wrongful conduct.

21. On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit Prevagen-branded products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

### III. JURISDICTION AND VENUE

22. The Court has subject matter jurisdiction over Quincy Bioscience's Lanham Act claim for trademark counterfeiting and trademark infringement, and Amazon's and the Quincy Bioscience Plaintiffs' Lanham Act claims for false designation of origin and false advertising, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and the Quincy Bioscience Plaintiffs' claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

23.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and the Quincy Bioscience Plaintiffs' claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the Prevagen Trademark and which otherwise infringed the Quincy Bioscience Plaintiffs' IP. Additionally, certain Defendants shipped products bearing counterfeit versions of the Prevagen Trademark to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and the Quincy Bioscience Plaintiffs substantial injury in Washington.

24.     Further, named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.

26.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods

27.     Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 7

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

28.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

29.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls.

30.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and report potentially infringing products using state-of-the-art image search technology. In 2022, through continued improvements in Amazon's automated protections, brands found fewer

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

infringing products in Amazon's stores, with the number of valid notices of infringement submitted by brands in Brand Registry decreasing by more than 35% from 2021.

31.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. In 2022, over 33,000 brands were using Transparency, an increase of 40% from 2021, enabling the protection of more than 900 million product units across the supply chain.

32.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. In 2022, there were more than 22,000 brands enrolled in Project Zero. For every listing removed by a brand, Amazon's automated protections removed more than 1,000 listings through scaled technology and machine learning, stopping those listings from appearing in Amazon's stores.

33.     Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a fully legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

34.     Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities.

35.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.     The Quincy Bioscience Plaintiffs and Their Anti-Counterfeiting Efforts**

36.     The Quincy Bioscience Plaintiffs go to great lengths to protect consumers from counterfeits of their products, and are committed to leading efforts to combat counterfeit products. The Quincy Bioscience Plaintiffs utilize both internal and external resources to combat counterfeit and infringing products. The Quincy Bioscience Plaintiffs work continuously with these internal and external resources on the detection and removal of product listings violating their IP rights.

37.     Quincy Bioscience is currently enrolled in Brand Registry, and is also a participant in the Transparency program. The Quincy Bioscience Plaintiffs actively used the tools and protections provided by these programs in response to the counterfeiting activity described in this Complaint.

**C.     Defendants Created Amazon Selling Accounts, Agreed Not to Sell Counterfeit Goods, and Agreed to Provide Accurate Information to Amazon**

38.     Between October 2021 and May 2022 Defendants established, controlled, and operated the five Selling Accounts detailed in Schedule 1, through which they sought to advertise, market, offer, distribute, and sell counterfeit Prevagen-branded products. In connection with these Selling Accounts, Defendants provided Amazon with, among other things, names, email addresses, and bank information. Plaintiffs were able to identify Defendants and connect

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

them to their respective Selling Accounts through their submission of identity documents to Amazon and investigation of certain financial information that Defendants provided to Amazon.

39.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. True and correct copies of the applicable versions of the BSA, namely, the versions Defendants last agreed to when using Amazon's services, are attached as **Exhibit B**.

40.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

41.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

42.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o  Bootlegs, fakes, or pirated copies of products or content

  o  Products that have been illegally replicated, reproduced, or manufactured

  o  Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o  Remove suspect listings.

  o  Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

43.     Additionally, under the terms of the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id.* ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id.* ¶ 5.

44.     When Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained as such.

**D.     Defendants' Sale of Counterfeit Prevagen-Branded Products and False Information Provided to Amazon**

45.     On information and belief, Defendants created Selling Accounts and advertised, marketed, offered, distributed, and sold Prevagen-branded products in the Amazon Store. The counterfeit Prevagen-branded products sold by Defendants are identified and described in Schedule 1.

46.     The Quincy Bioscience Plaintiffs have conducted multiple test purchases of Prevagen-branded products sold by Defendants' Selling Accounts and determined that the products are counterfeit, that each bears a counterfeit Prevagen Trademark, and that the Quincy Bioscience Plaintiffs have never authorized the sale of such products, as detailed in Schedule 1.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

47.     In addition, as further detailed in Schedule 1, certain Defendants submitted falsified receipts to Amazon purporting to show that their counterfeit products came from a supplier of authentic products.

48.     Plaintiffs are not aware of any confirmed adverse reactions to the counterfeit products.

**E.      Defendants' Coordinated Sale of Counterfeit Prevagen-Branded Products**

49.     On information and belief, Defendants operated in concert with one another in their advertising, marketing, offering, distributing, and selling of inauthentic Prevagen-branded products. Defendants are associated through common physical addresses, IP addresses, removal addresses,[3] email addresses, bank accounts, and the use of Defendants A2X's and Kamwaro's names during the operation of the Selling Accounts.

**F.      Amazon Shut Down Defendants' Selling Accounts**

50.     By selling counterfeit and infringing Prevagen-branded products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by the Quincy Bioscience Plaintiffs. Defendants also knowingly and willfully used the Quincy Bioscience Plaintiffs' IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing Prevagen-branded products.

51.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic Prevagen-branded products. Defendants have breached the terms of their agreements with Amazon, deceived Amazon's customers and Amazon, infringed and misused the IP rights of the Quincy Bioscience Plaintiffs, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and the Quincy Bioscience Plaintiffs' brands.

---

[3] A "removal address" is the physical address designated by the seller where products are sent that are returned by customers or removed from Amazon's fulfillment centers. The seller must specify which items it wants returned while also providing a name, address, and telephone number.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

52.     After Amazon verified Defendants' sale of counterfeit Prevagen-branded products, it promptly blocked Defendants' Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and the Quincy Bioscience Plaintiffs.

53.     Pursuant to Amazon's A-to-z guarantee, Amazon also proactively issued full refunds to customers who purchased purported Prevagen-branded products from Defendants. Defendants have not reimbursed Amazon.

## V.     CLAIMS

### FIRST CLAIM
*(by Quincy Bioscience against all Defendants)*
**Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

54.     Plaintiff Quincy Bioscience incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

55.     Defendants' activities constitute counterfeiting and infringement of the Prevagen Trademarks as described in the paragraphs above.

56.     Quincy Bioscience owns the Prevagen Trademark and advertises, markets, offers, distributes, and sells its products using the Prevagen Trademark described above and uses that trademark to distinguish its products from the products and related items of others in the same or related fields.

57.     Because of Quincy Bioscience's long, continuous, and exclusive use of the Prevagen Trademark identified in this Complaint, the trademark has come to mean, and is understood by customers and the public to signify, products from Quincy Bioscience.

58.     Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit and infringing versions of the Prevagen Trademark with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Quincy Bioscience and likely caused such erroneous customer beliefs.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

59.     As a result of Defendants' wrongful conduct, Quincy Bioscience is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Quincy Bioscience is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

60.     Quincy Bioscience is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. Quincy Bioscience has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Prevagen Trademark is a unique and valuable property that has no readily-determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to Quincy Bioscience and its reputation and goodwill such that Quincy Bioscience could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting harm to Quincy Bioscience, due to Defendants' wrongful conduct is likely to be continuing.

## SECOND CLAIM
### *(by the Quincy Bioscience Plaintiffs against all Defendants)*
### False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)

61.     The Quincy Bioscience Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

62.     Quincy Bioscience owns the Prevagen Trademark and licenses that mark to Prevagen for use in the U.S. The Quincy Bioscience Plaintiffs develop, manufacture, advertise, market, offer, distribute, and sells their products using that trademark described above and uses the trademark to distinguish their products from the products and related items of others in the same or related fields.

63.     Because of the Quincy Bioscience Plaintiffs' long, continuous, and exclusive use of the Prevagen Trademark identified in this Complaint, the trademark has come to mean, and is

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

understood by customers, users, and the public, to signify products from the Quincy Bioscience Plaintiffs.

64.     Defendants' wrongful conduct includes the infringement of the Prevagen Trademark in connection with Defendants' commercial advertising, marketing, offering, distributing, and selling of counterfeit Prevagen-branded products in interstate commerce.

65.     In advertising, marketing, offering, distributing, and selling products bearing counterfeit versions of the Prevagen Trademark, Defendants have used, and on information and belief continue to use, the trademark referenced above to compete unfairly with the Quincy Bioscience Plaintiffs and to deceive customers. Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, distributed, or sold in connection with the Prevagen Trademark and wrongfully trades upon the Quincy Bioscience Plaintiffs' goodwill and business reputation.

66.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by the Quincy Bioscience Plaintiffs, all in violation of 15 U.S.C. § 1125(a)(1)(A).

67.     Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

68.      The Quincy Bioscience Plaintiffs are entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to the Quincy Bioscience Plaintiffs. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate the Quincy Bioscience Plaintiffs for their injuries, and the Quincy Bioscience Plaintiffs lack an adequate remedy at law.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

69.     The Quincy Bioscience Plaintiffs are further entitled to recover Defendants' profits, damages for their losses, and their costs to investigate and remediate Defendants' conduct and bring this action, including its attorneys' fees, in an amount to be determined. The Quincy Bioscience Plaintiffs are also entitled to the trebling of any damages award as allowed by law.

### THIRD CLAIM
#### *(by Amazon against all Defendants)*
#### False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)

70.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

71.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

72.     Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

73.     In advertising, marketing, offering, distributing, and selling counterfeit Prevagen-branded products in the Amazon Store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

74.     Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

75.     As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

76. Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in investigating and bringing this lawsuit.

77. Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

**FOURTH CLAIM**
***(by the Quincy Bioscience Plaintiffs and Amazon against all Defendants)***
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

78. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

79. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Prevagen-branded products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

80. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Prevagen-branded products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

81. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Prevagen-branded products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

82.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. The Quincy Bioscience Plaintiffs further seek to recover from Defendants their actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, regarding Defendants' activities involving the sale of counterfeit products.

**FIFTH CLAIM**
*(by Amazon.com Services LLC[4] against Defendants in Schedule 1)*
**Breach of Contract**

83.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

84.     Defendants established Amazon selling accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

85.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

86.     Defendants' sale and distribution of counterfeit Prevagen-branded products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of the Quincy Bioscience Plaintiffs.

87.     In furtherance of their sale and distribution of counterfeit Prevagen-branded products, certain Defendants further breached the BSA and its incorporated policies by submitting falsified documents to Amazon after their Selling Accounts were suspended in an effort to have their Accounts reinstated.

88.     Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

---

[4] For the Fifth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 20

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.      That the Court enter an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, assigns, and all others in active concert or participation with them, from:

(i)       selling products in Amazon's stores;

(ii)      selling products to Amazon or any affiliate;

(iii)     opening or attempting to open any Amazon selling accounts;

(iv)     importing, manufacturing, producing, distributing, circulating, offering to sell, selling, advertising, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Quincy Bioscience Plaintiffs' brand or trademarks, or which otherwise infringes the Quincy Bioscience Plaintiffs' IP, on any platform or in any medium; and

(v)      assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.      That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.      That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the Prevagen Trademark or that otherwise infringe the Quincy Bioscience Plaintiffs' IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 21

E.      That the Court enter an order requiring Defendants to pay all general, special, and actual damages which the Quincy Bioscience Plaintiffs have sustained, or will sustain as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

F.      That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

G.      That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.      That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

I.      That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

DATED this 2nd day of November, 2023.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*


*s/ Scott R. Commerson*
Scott R. Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Lauren Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## SCHEDULE 1

### SELLING ACCOUNT 1:

Selling Account Name: Gigiri Retail*
Dates of Known Sales of Infringing Products: February 8, 2023 - February 19, 2023

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Prevagen<br><br>ASINs[1]: B00XQFE502; B0054RU3Q0; B0058HX4FI; B00GBESZVA; B00HMTHEA6; B00Q86JV32; B01884SRO0; B019WU426G; B01EZ64QJU; B01LZYUHSP; B077GLNQV8; B07M6S32B2; B07THL9WWR; B088JCJQ6W; B0892RTHGW; B08HDPMKJ3; B08HHDKJKQ | • In February 2023, the Quincy Bioscience Plaintiffs conducted a total of 28 test purchases of the listed ASINs sold by the bad actor.<br><br>• The Quincy Bioscience Plaintiffs received and inspected the test-purchased products and confirmed that they are counterfeit based on deviations from the Quincy Bioscience Plaintiffs' authentic product and packaging. |

### SELLING ACCOUNT 2:

Selling Account Name: Kitisuru Mall[2]
Dates of Known Sales of Infringing Products: July 1, 2023 – October 5, 2023

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Prevagen<br><br>ASINs: B0058HX4FI; B00HMTHEA6; B00Q86JV32; B00RM4IUJ0; B01884SRO0; B01EZ64QJU; B01JKT1LBS; B01LZYUHSP; | • Between July and September 2023, the Quincy Bioscience Plaintiffs conducted a total of 12 test purchases of the listed ASINs sold by the bad actor. |

---

* The Selling Accounts with an asterisk (*) next to their name submitted to Amazon fabricated receipts purporting to show the purchase of genuine Prevagen-branded products.

[1] "ASIN" is an abbreviation of "Amazon Standard Identification Number," which is a unique series of ten alphanumeric characters that is assigned to each product listed for sale in Amazon's stores for identification purposes.

[2] Amazon offers third-party sellers and brand owners the ability to sell products in Amazon's stores by registering Amazon selling accounts. Amazon requires each selling account to be registered under a unique name, and each selling account is also assigned a unique identification number by Amazon. The selling account names selected by third-party sellers do not necessarily reflect the legal names of their businesses. During Defendants' operation of the account, the Kitisuru Mall Selling Account used the names "Rite Aid Online" and "JJKC1" in addition to "Kitisuru Mall." This Selling Account has no affiliation with Rite Aid.

| Purported Product | Confirmation of Counterfeit |
|---|---|
| B07M6S32B2; B084WX76W5; B08HDPMKJ3 | • The Quincy Bioscience Plaintiffs received and inspected the test-purchased products and confirmed that they are counterfeit based on deviations from the Quincy Bioscience Plaintiffs' authentic product and packaging. |

**SELLING ACCOUNT 3:**

Selling Account Name: Mac Defense*
Dates of Known Sales of Infringing Products: July 1, 2022 – July 20, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Prevagen<br><br>ASINs: B0058HX4FI; B00GBESZVA; B00HMTHEA6; B00Q86JV32; B00RM4IUJ0; B01884SRO0; B01EZ64QJU; B01LZYUHSP; B07M6S32B2; B08HDPMKJ3 | • In July 2022, the Quincy Bioscience Plaintiffs conducted a total of 10 test purchases of the listed ASINs sold by the bad actor.<br><br>• The Quincy Bioscience Plaintiffs received and inspected the test-purchased products and confirmed that they are counterfeit based on deviations from the Quincy Bioscience Plaintiffs' authentic product and packaging. |

**SELLING ACCOUNT 4:**

Selling Account Name: Milleys Malls*[3]
Dates of Known Sales of Infringing Products: July 21, 2022 – September 20, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Prevagen<br><br>ASINs: B00HMTFR3W; B019WU42A2; B0892RTHGW; B0892T927J; B00GBESZVA; B00HMTHEA6; B00Q86JV32; B00RM4IUJ0; B01884SRO0; B01EZ64QJU; B01JKT1LBS; B07M6S32B2; B084WX76W5; B000V9O04W; B0027Z4XF4; B004R64450; | • In September 2022, the Quincy Bioscience Plaintiffs conducted a total of 26 test purchases of the listed ASINs sold by the bad actor. |

---

[3] During Defendants' operation of the Selling Account, the Milleys Malls Selling Account used the name "All Rounds Savings" in addition to "Milleys Malls."

| Purported Product | Confirmation of Counterfeit |
|---|---|
| B0054RU3Q0; B0058HX4FI; B00XQFE502; B01LZYUHSP; B077GLNQV8; B07THL9WWR; B085QNQL4K; B0892R7XW6; B08HDPMKJ3; B08HHDKJKQ | • The Quincy Bioscience Plaintiffs received and inspected the test-purchased products and confirmed that they are counterfeit based on deviations from the Quincy Bioscience Plaintiffs' authentic product and packaging. |

**SELLING ACCOUNT 5:**

Selling Account Name: Walgreen Deals*[4]
Dates of Known Sales of Infringing Products: August 9, 2022 – October 5, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Prevagen<br><br>ASINs: B0027Z4XF4; B004R64450; B0054RU3Q0; B00GBESZVA; B00HMTFR3W; B00RM4IUJ0; B019WU426G; B019WU42A2; B01LZYUHSP; B01M6CEO2G; B07THL9WWR; B084WX76W5; B084ZWMZR5; B085QNQL4K; B0892R7XW6; B0892RTHGW; B08HHDKJKQ; B000V9O04W; B0058HX4FI; B00HMTHEA6; B00Q86JV32; B00XQFE502; B01EZ64QJU; B01JKT1LBS; B07M6S32B2; B0892T927J; B08HDPMKJ3 | • Between September and October 2022, the Quincy Bioscience Plaintiffs conducted a total of 31 test purchases of the listed ASINs sold by the bad actor.<br><br>• The Quincy Bioscience Plaintiffs received and inspected the test-purchased products and confirmed that they are counterfeit based on deviations from the Quincy Bioscience Plaintiffs' authentic product and packaging. |

---

[4] This Selling Account has no affiliation with Walgreens.