UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NELSON KAMWARO NYUTU, *et al.*, <br><br> Defendants. | Case No. C23-1681-JNW-MLP <br><br> ORDER |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, Quincy Bioscience, LLC, and Prevagen, Inc.'s ("Plaintiffs") *Ex Parte* Motion for Expedited Discovery ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 10).) No defendant has yet appeared in this matter. Having reviewed Plaintiffs' briefing, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 10).

## II. BACKGROUND

On November 2, 2023, Plaintiffs filed a complaint against Nelson Kamwaro Nyutu; Mr. Nyutu's two companies, A2X LLC and A2X Ltd.; James Joshua Kimani; Moses Kamau Mwangi; Ezekiel Davids Njuguna; Peter Jerry Johnson; James Mwasi Mwadele; Alex Lemiso

ORDER - 1

1  Naimodu; David Magu Kibe (collectively, "Defendants"); and Does 1-10. (Compl. (dkt. # 1) at
2  ¶¶ 10-21.) Plaintiffs allege Defendants, using six Amazon Selling Accounts, acted in concert to
3  sell counterfeit Prevagen-branded dietary supplements. (*Id.* at ¶¶ 1, 10.) On February 8, 2024,
4  Plaintiffs filed the instant motion, and on February 9, 2024, the Honorable Jamal N. Whitehead
5  referred "all issues related to service of Defendants" to the undersigned pursuant to General
6  Order 03-23 (Mar. 7, 2023). (Dkt. ## 10-13.)

### III.   DISCUSSION

#### A.   Legal Standard

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving

ORDER - 2

party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B.    Plaintiffs' Efforts

Defendants provided United States business addresses when registering the Amazon Selling Accounts, but Plaintiffs determined the addresses were nonexistent or unaffiliated with Defendants. (Garrett Decl. (dkt. # 11) at ¶ 6; Commerson Decl. (dkt. # 12) at ¶¶ 5-6.) In addition to investigating the information Defendants provided, Plaintiffs attempted to locate Defendants by working with private investigators, searching public records and specialized investigative databases, and seeking informal discovery from third-party financial institutions connected with Defendants. (Commerson Decl. at ¶ 5.) Despite extensive investigative efforts, Plaintiffs have been unable to locate Defendants. (*Id.*)

Five of the six Amazon Selling Accounts were registered with bank accounts from Choice Financial Group, and one was registered with a bank account from Fifth Third Bank, N.A. (Garrett Decl. at ¶¶ 9-10.) These bank accounts were used to transfer funds to and from the Amazon Selling Accounts. (*Id.*) Plaintiffs now seek leave to serve Rule 45 document subpoenas on Choice Financial Group and Fifth Third Bank, N.A. for information enabling Plaintiffs to locate and serve Defendants. (Pls.' Mot. at 7.)

### C.    Good Cause for Expedited Discovery

The Court notes that Defendants appear to have actively misled Plaintiffs as to their locations. The Court finds that Defendants should not be afforded the benefit of concealment in furtherance of their alleged counterfeiting scheme. Plaintiffs have shown diligence in utilizing available means to investigate Defendants' locations.

ORDER - 3

      Having considered the balance of factors, the Court concludes that Plaintiffs' intent in seeking expedited discovery justifies their request. Courts routinely allow early discovery for the limited purpose of identifying and locating defendants on whom process could not otherwise be served. *See, e.g.*, *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1-2 (W.D. Wash. July 18, 2014) (granting expedited discovery sufficient to identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068, at *2 (N.D. Cal. Nov. 4, 2011) (allowing early discovery where plaintiff "identified the Doe defendants with sufficient specificity"; "described the steps it took to locate and identify the Doe defendants"; pled the essential elements to state a claim; and sought "information likely to lead to identifying information that will allow it to effect service of process"); *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. June 17, 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366, *1 (9th Cir. Aug. 18, 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint.").

      Here, Plaintiffs seek expedited discovery to ascertain sufficient information to locate Defendants and effect service. Good cause exists where a plaintiff has exhausted its means to locate the defendant through publicly available information and has no other way to locate and serve those involved in the scheme. *Amazon.com Inc. v. Kitsenka*, 2023 WL 3902911, at *3 (W.D. Wash. May 22, 2023) (granting expedited discovery for the limited "purpose of obtaining information that may reveal Defendants' identities and locations."); *see also Semitool*, 208

ORDER - 4

F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Having reviewed Plaintiffs' declarations, it appears they have exhausted available means to locate Defendants. (*See* Garrett Decl. at ¶¶ 6-7; Commerson Decl. at ¶¶ 5-6.) Consequently, Plaintiffs have demonstrated that without expedited discovery, they will not be able to locate those responsible for the alleged fraud.

Furthermore, the Court finds good cause for expedited discovery given Plaintiffs' claims that irreparable harm will result through Defendants' continued use of their trademarks, unfair competition, and false advertising (Compl. at ¶¶ 60, 68, 75, 81, 88). *See Music Grp. Macao*, 2014 WL 11010724 at *2 (finding good cause where plaintiffs alleged irreparable harm through infringement and unfair competition); *see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."). For these reasons, Plaintiffs' intent in seeking expedited discovery supports a finding of good cause.

Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs' discovery request is narrowly tailored to seek information only from the bank accounts associated with Defendants' Amazon Selling Accounts. (*See* Pls.' Mot. at 7.) Furthermore, Plaintiffs have requested discovery directed at a non-party—not Defendants—which courts recognize as "not imposing a significant burden upon defendants." *Yong*, 2021 WL 1237863 at *3.

The Court finds the discovery Plaintiffs seek is narrowly tailored to obtain information related only to the purpose of identifying individuals responsible for the alleged fraud and their locations. *See Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. at 420 ("In applying the 'good cause'

ORDER - 5

1  standard under Rule 26(d), the court should consider the scope of the requested discovery.").

2  Accordingly, the Court grants Plaintiffs' Motion.

### IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Plaintiffs' Motion (dkt. # 10) is GRANTED. Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on Choice Financial Group and Fifth Third Bank, N.A. for the purpose of obtaining information to identify Defendants' locations. Plaintiffs shall provide a copy of this Order with each subpoena issued thereto.

(2) Plaintiffs are ORDERED to file proof of service or move for alternative service within 120 days of the date this Order is signed.

The Clerk is directed to send copies of this Order to the parties and to Judge Whitehead.

Dated this 27th day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6