UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM INC, *et al.*,

                Plaintiffs,

    v.

NELSON KAMWARO NYUTU, *et al.*,

                Defendants.

Case No. C23-1681-JNW-MLP

ORDER

       This matter is before the Court on Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, Quincy Bioscience, LLC, and Prevagen, Inc.'s (collectively, "Plaintiffs") *Ex Parte* Supplemental Motion for Expedited Discovery ("Motion"). (Mot. (dkt. # 16).) No defendant has yet appeared in this matter. Plaintiffs seek leave to serve a third-party subpoena under Rule 45, prior to a Rule 26(f) conference, on Mercury Technologies, Inc. (*Id.* at 3.)

       Plaintiffs allege Defendants Nelson Kamwaro Nyutu; Mr. Nyutu's two companies, A2X LLC and A2X Ltd.; James Joshua Kimani; Moses Kamau Mwangi; Ezekiel Davids Njuguna; Peter Jerry Johnson; James Mwasi Mwadele; Alex Lemiso Naimodu; David Magu Kibe (collectively, "Defendants"), used six Amazon Selling Accounts to sell counterfeit Prevagen-branded dietary supplements. (Compl. (dkt. # 1) at ¶¶ 1, 10-20.) This Court previously found

ORDER - 1

1   Plaintiffs had shown good cause for expedited discovery to serve Rule 45 subpoenas on the two
2   banks that provided accounts that the six Amazon Selling Accounts registered and transferred
3   funds to and from: Choice Financial Group and Fifth Third Bank, N.A. (Dkt. # 15.)
4          After receiving the subpoena, "Choice Financial responded that the account and
5   responsive documents are in the possession of its fintech partner, Mercury Technologies, Inc."
6   (Commerson Decl. (dkt. # 17) at ¶¶ 2-3.) Plaintiffs now seek to subpoena Mercury Technologies,
7   Inc. to obtain the same information it sought from Choice Financial Group. (Mot. at 3.)
8          Good cause for expedited discovery "may be found where the need for expedited
9   discovery, in consideration of the administration of justice, outweighs the prejudice to the
10  responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal.
11  2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for
12  expedited discovery"). The Ninth Circuit has emphasized that diligence and the intent of the
13  moving party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations,*
14  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
15         This Court has already found Plaintiffs' efforts as well as their intent to locate and
16  identify Defendants who could not otherwise be served justify their request. (Dkt. # 15 at 3-5.)
17  Furthermore, as in their earlier request, Plaintiffs have requested discovery directed at a non-
18  party—not Defendants—which courts recognize as "not imposing a significant burden upon
19  defendants." *Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *3 (W.D. Wash. Apr. 2, 2021).
20         The Court finds the discovery Plaintiffs seek is narrowly tailored to obtain information
21  related only to the purpose of identifying individuals responsible for the alleged fraud and their
22  locations. *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo.
23

2003) ("In applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery.").

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 16). Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on Mercury Technologies, Inc. for the purpose of obtaining information to identify Defendants' locations. Plaintiffs shall provide a copy of this Order with each subpoena issued thereto.

The Clerk is directed to send copies of this order to Plaintiffs and to the Honorable Jamal N. Whitehead.

Dated this 19th day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3