1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; QUINCY BIOSCIENCE, LLC, a Wisconsin limited liability company; and PREVAGEN, INC., a Wisconsin corporation,

Plaintiffs,

v.

NELSON KAMWARO NYUTU, a Kenyan individual; JATTANI ADAN NOOR, a Kenyan individual; A2X LLC, a Colorado limited liability company; EMB IMPORTS LLC, a Colorado limited liability company; A2X LTD., a Kenyan private limited company; and DOES 1-10,

Defendants.

No. 2:23-cv-01681-JNW

**PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

NOTE ON MOTION CALENDAR: FEBRUARY 3, 2025

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

# **TABLE OF CONTENTS**

2
**Page**

3    I.    INTRODUCTION .................................................................................................. 1

4    II.   DEFAULT JUDGMENT SHOULD BE GRANTED ...................................... 2

5          A.    Defendants Are in Default. ................................................................. 2

6          B.    This Court Has Jurisdiction. ............................................................... 3

7                1.    Subject Matter Jurisdiction. ................................................... 3

8                2.    Personal Jurisdiction. .............................................................. 3

9          C.    Plaintiffs' FAC Establishes Defendants' Liability. ............................ 5

10
11               1.    Quincy Bioscience Has Proven Its Claim for Trademark
                       Infringement (Claim 1). ......................................................... 5

12               2.    Plaintiffs Have Proven Their Claims for False Designation of
13                     Origin (Claims 2 and 3). ......................................................... 7

14               3.    Plaintiffs Have Proven Their Claim for Violation of the
                       Washington Consumer Protection Act (Claim 3). .................. 9

15               4.    Amazon.com Services LLC Has Proven Its Claim for Breach of
16                     Contract (Claim 4). ................................................................. 9

17         D.    The *Eitel* Factors Weigh in Favor of Default Judgment. .................. 10

18         E.    The Court Should Award Plaintiffs the Relief Requested in the FAC. .............. 12

19               1.    The Court Should Exercise Its Discretion under the Lanham Act to
                       Award Statutory Damages to Quincy Bioscience. ............... 12
20
21               2.    The Court Should Award Actual Damages to Amazon for
                       Defendants' Breaches of Contract and False Designations of
22                     Origin. ................................................................................... 16

23               3.    Plaintiffs Are Entitled to a Permanent Injunction................. 19

24    III.   CONCLUSION.................................................................................................... 24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Adobe Sys. Inc. v. Cain*,
   2008 WL 5000194 (N.D. Cal. Nov. 21, 2008) ...................................................................20

*Amazon Techs. Inc. v. Kitsenka*,
   2024 WL 3069370 (W.D. Wash. June 20, 2024) ...............................................................18

*Amazon Techs. Inc. v. Qiang*,
   2024 WL 1606109 (W.D. Wash. Apr. 12, 2024) ...............................................................18

*Amazon.com Inc. v. Tang*,
   2024 WL 3521528 (W.D. Wash. July 24, 2024) ...............................................................18

*Amazon.com Inc. v. Zhi*,
   2024 WL 943465 (W.D. Wash. Mar. 4, 2024) .............................................16, 20, 21, 22

*Amazon.com v. Kurth*,
   2019 WL 3426064 (W.D. Wash. July 30, 2019) ..........................................................5, 12

*Amazon.com, Inc. v. Ananchenko*,
   2024 WL 3582311 (W.D. Wash. July 30, 2024) ...............................................................18

*Amazon.com, Inc. v. Li*,
   2024 WL 1832466 (W.D. Wash. Apr. 26, 2024) ...............................................................18

*Amazon.com, Inc. v. Robojap Techs. LLC*,
   2021 WL 5232130 (W.D. Wash. Nov. 10, 2021) ...............................................................23

*Amazon.com, Inc. v. Sirowl Tech.*,
   2022 WL 19000499 (W.D. Wash. Oct. 3, 2022) ........................................................6, 15, 21

*Amazon.com, Inc. v. White*,
   2022 WL 1641423 (W.D. Wash. May 24, 2022) ........................................................6, 16, 21

*BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*,
   2020 WL 758070 (W.D. Wash. Feb. 14, 2020).................................................................9

*Bd. of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.*,
   2020 WL 6132203 (W.D. Wash. Oct. 19, 2020).................................................................5

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
   174 F.3d 1036 (9th Cir. 1999) ...........................................................................................23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Chan v. Soc'y Expeditions, Inc.*,
39 F.3d 1398 (9th Cir. 1994) ........................................................................3

*Coach Servs., Inc. v. YNM, Inc.*,
2011 WL 1752091 (C.D. Cal. May 6, 2011) ..........................................14, 20

*Coach, Inc. v. Citi Trends, Inc.*,
2019 WL 1940622 (C.D. Cal. Apr. 5, 2019) ..........................................15, 16

*Coach, Inc. v. Pegasus Theater Shops*,
2013 WL 5406220 (W.D. Wash. Sept. 25, 2013) ..........................................6

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.*,
24 F.3d 1099 (9th Cir. 1994) ......................................................................23

*Criminal Prods., Inc. v. Gunderman*,
2017 WL 664047 (W.D. Wash. Feb. 17, 2017) ......................................10, 11

*Curtis v. Illumination Arts, Inc.*,
33 F. Supp. 3d 1200 (W.D. Wash. 2014) ....................................................11

*DC Comics v. Towle*,
802 F.3d 1012 (9th Cir. 2015) ....................................................................12

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
528 F.3d 696 (9th Cir. 2008) ......................................................................13

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ........................................................................4

*Dream Games of Ariz. v. PC Onsite*,
561 F.3d 983 (9th Cir. 2009) ......................................................................13

*eBay Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006).............................................................................20, 23

*eBay, Inc. v. Bidder's Edge, Inc.*,
100 F. Supp. 2d 1058 (N.D. Cal. 2000) ......................................................23

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986) ..............................................................10, 12

*Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*,
778 F.3d 1059 (9th Cir. 2015) ....................................................................12

*Freecycle Network, Inc. v. Oey*,
505 F.3d 898 (9th Cir. 2007) ........................................................................7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Geddes v. United Fin. Grp.*,
    559 F.2d 557 (9th Cir. 1977) ........................................................................5

*Glud & Marstrand A/S v. Viva Magnetics Ltd (Hong Kong)*,
    2012 WL 12878686 (W.D. Wash. Aug. 7, 2012) ......................................3

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*,
    286 F. Supp. 2d 284 (S.D.N.Y. 2003) ......................................................6

*HMH Publ'g Co., Inc. v. Brincat*,
    504 F.2d 713 (9th Cir. 1974) ..................................................................19

*In re Tuli*,
    172 F.3d 707 (9th Cir. 1999) ....................................................................3

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945).................................................................................4

*Jason Scott Collection, Inc. v. Trendily Furniture, LLC*,
    68 F.4th 1203 (9th Cir. 2023) ...........................................................17, 18

*Koninklijke Philips Elecs., N.V. v. KXD Tech., Inc.*,
    347 F. App'x 275 (9th Cir. 2009) ...........................................................12

*Lehrer v. State, Dep't of Soc. & Health Servs.*,
    101 Wn. App. 509 (2000) .........................................................................9

*Levi Strauss & Co. v. Blue Bell, Inc.*,
    632 F.2d 817 (9th Cir. 1980) ..................................................................19

*Lions Gate Films Inc. v. Saleh*,
    2016 WL 6822748 (C.D. Cal. Mar. 24, 2016)................................11, 12, 20

*Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*,
    149 F.3d 987 (9th Cir. 1998) ..................................................................13

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
    658 F.3d 936 (9th Cir. 2011) ..................................................................15

*Love v. Associated Newspapers, Ltd.*,
    611 F.3d 601 (9th Cir. 2010) ....................................................................6

*Luxul Tech. Inc. v. Nectarlux, LLC*,
    78 F. Supp. 3d 1156 (N.D. Cal. 2015)......................................................7

*Microsoft Corp. v. BH Tech, Inc.*,
    2016 WL 8732074 (C.D. Cal. Sept. 2, 2016) ....................................12, 20

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Microsoft Corp. v. McGee*,
  490 F. Supp. 2d 874 (S.D. Ohio 2007) ................................................................12

*Microsoft Corp. v. Ricketts*,
  2007 WL 1520965 (N.D. Cal. May 24, 2007)........................................................10

*Monster Energy Co. v. Vital Pharms., Inc.*,
  2023 WL 2918724 (C.D. Cal. Apr. 12, 2023) .......................................................21

*Nat'l Football League Props., Inc. v. Wichita Falls Sportswear, Inc.*,
  532 F. Supp. 651 (W.D. Wash. 1982) ....................................................................19

*Nautilus, Inc. v. Chunchai Yu*,
  2011 WL 13213575 (C.D. Cal. Dec. 19, 2011) .....................................................13

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*,
  310 F. Supp. 3d 1089 (S.D. Cal. 2018)....................................................................7

*PepsiCo, Inc. v. Cal. Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) .................................................................12

*Philip Morris USA Inc. v. Castworld Prods., Inc.*,
  219 F.R.D. 494 (C.D. Cal. 2003)......................................................................10, 14

*Philip Morris USA Inc. v. Lee*,
  547 F. Supp. 2d 667 (W.D. Tex. 2008) .................................................................12

*Philip Morris USA Inc. v. Liu*,
  489 F. Supp. 2d 1119 (C.D. Cal. 2007) ................................................................13

*Philip Morris USA Inc. v. Marlboro Express*,
  2005 WL 2076921 (E.D.N.Y. Aug. 26, 2005) ......................................................13

*Philip Morris USA Inc. v. Shalabi*,
  352 F. Supp. 2d 1067 (C.D. Cal. 2004) ..................................................................7

*Planetary Motion, Inc. v. Techsplosion, Inc.*,
  261 F.3d 1188 (11th Cir. 2001) ...............................................................................7

*Powerwand Inc. v. Hefai Neniang Trading Co.*,
  2023 WL 4201748 (W.D. Wash. June 27, 2023) .....................................................6

*Regal Knitwear Co. v. N.L.R.B.*,
  324 U.S. 9 (1945)....................................................................................................21

*Reno Air Racing Ass'n., Inc. v. McCord*,
  452 F.3d 1126 (9th Cir. 2006) ...................................................................19, 20, 23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*,
    2014 WL 5880170 (W.D. Wash. Sept. 30, 2014)....................................................4

*Rolex Watch U.S.A., Inc. v. Watch Empire LLC*,
    2015 WL 9690322 (C.D. Cal. Sept. 29, 2015) .................................................14

*Safeworks, LLC v. Teupen Am., LLC*,
    717 F. Supp. 2d 1181 (W.D. Wash. 2010) ......................................................22

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ............................................................................4

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ..........................................................................4

*Skydive Arizona, Inc. v. Quattrocchi*,
    673 F.3d 1105 (9th Cir. 2012) ........................................................................17

*Steele v. Bulova Watch Co.*,
    344 U.S. 280 (1952)..........................................................................................6

*T-Mobile USA, Inc. v. Terry*,
    862 F. Supp. 2d 1121 (W.D. Wash. 2012) ...............................................22, 23

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) ............................................................................5

*Treemo, Inc. v. Flipboard, Inc.*,
    53 F. Supp. 3d 1342 (W.D. Wash. 2014) .......................................................23

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
    556 F.2d 406 (9th Cir. 1977) ............................................................................6

*Wimo Labs, LLC v. eBay, Inc.*,
    2017 WL 10439835 (C.D. Cal. Aug. 3, 2017) .....................................13, 20, 21

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ......................................................................4, 5

**Statutes**

15 U.S.C. § 1114.................................................................................................5

15 U.S.C. § 1116(a) ...............................................................................19, 20, 22

15 U.S.C. § 1117(c) ...............................................................................12, 15, 16

15 U.S.C. § 1117(c)(1) .....................................................................................13

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - vi
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

15 U.S.C. § 1117(c)(2) ..................................................................................................12

15 U.S.C. § 1121(a) .......................................................................................................3

15 U.S.C. § 1125 ...........................................................................................................7

15 U.S.C. § 1125(a) ...............................................................................................7, 17

15 U.S.C. § 1127 ...........................................................................................................6

28 U.S.C. § 1331 ...........................................................................................................3

28 U.S.C. § 1332 ...........................................................................................................3

28 U.S.C. § 1338(a) .......................................................................................................3

28 U.S.C. § 1367 ...........................................................................................................3

§ 1117(a) of the Lanham Act ......................................................................................17

RCW 4.28.180 ..............................................................................................................3

RCW 19.86.090 ...........................................................................................................19

Trademark Modernization Act of 2020 ......................................................................20

**Other Authorities**

Federal Rule of Civil Procedure 55(b) ..........................................................................3

Federal Rule of Civil Procedure 55(b)(2) .....................................................................2

Federal Rule of Civil Procedure 65(d)(2) ...................................................................21

Local Civil Rule 55(b) ..................................................................................................3

Rule 65 ........................................................................................................................21

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - vii
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

Plaintiff Prevagen, Inc. ("Prevagen") is a research-based biotechnology company that develops, markets, and sells dietary supplements. Prevagen's high-quality dietary supplements are available for purchase in brick and mortar stores throughout the United States and are also marketed and distributed through the Internet, including in the Amazon.com store (the "Amazon Store"). Plaintiff Quincy Bioscience, LLC ("Quincy Bioscience," together with Prevagen, the "Quincy Bioscience Plaintiffs") owns, manages, enforces, licenses, and maintains IP, including various trademarks licensed to and used in connection with Prevagen-branded products sold in the United States.

Plaintiff Amazon.com Services LLC owns and operates the Amazon Store, and affiliates of Plaintiff Amazon.com, Inc. (together with Amazon.com Services LLC, "Amazon") own and operate equivalent counterpart international stores. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2023 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from counterfeits, fraud, and other forms of abuses.

Amazon and the Quincy Bioscience Plaintiffs (collectively, "Plaintiffs") are seeking relief against Defendants Nelson Kamwaro Nyutu ("Nyutu"), Jattani Adan Noor ("Noor"), EMB Imports LLC ("EMB Imports"), and A2X Ltd. (collectively, "Defendants")[1] for their scheme to sell counterfeit Prevagen-branded products in the Amazon Store. Through their Amazon selling accounts (the "Selling Accounts"),[2] Defendants willfully sold at least $508,938.64 of products bearing counterfeit versions of Quincy Bioscience's registered trademark (the "Prevagen

---

[1] A2X LLC and Does 1-10 were dismissed form this action on January 29, 2025. Dkt. 38.

[2] The Selling Accounts are: (1) Gigiri Retail; (2); Kitisuru Mall; (3) Mac Defense; (4) Milleys Malls; and (5) Walgreen Deals.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 1
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Trademark").[3] Declaration of Robert Garrett ("Garrett Decl.") ¶ 3. As a result of Defendants' willful acts of infringement and deception, the Quincy Bioscience Plaintiffs, Amazon, and their customers have been harmed and continue to be harmed. Plaintiffs brought this action to prevent further harm and to hold Defendants accountable.

Defendants are in default. Dkt. 37. The prerequisites for default judgment have been met. Fed. R. Civ. P. 55(b)(2); LCR 55(b). The Quincy Bioscience Plaintiffs seeks statutory damages under the Lanham Act, Amazon seeks its actual damages for Defendants' breach of contract, and Plaintiffs seek entry of a permanent injunction to prevent further harm to Plaintiffs and their customers.

## II.    DEFAULT JUDGMENT SHOULD BE GRANTED

### A.    Defendants Are in Default.

Plaintiffs initiated this action on November 3, 2023. Dkt. 1. Plaintiffs conducted expedited discovery that identified additional defendants responsible for the Selling Accounts used in selling counterfeit Prevagen-branded products. Dkts. 15, 18. Accordingly, Plaintiffs filed a First Amended Complaint ("FAC") that named Nyutu, Noor, EMB Imports, and A2X Ltd. as Defendants. *See* FAC (Dkt. 22). Plaintiffs served Defendants by certified mail, via a registered agent, or via personal service in Kenya on September 11, 16, and 20. Dkts. 25, 26, 29, 30, 31. Defendants have not appeared personally or through counsel, have not filed or served an answer to the Complaint, and have not otherwise indicated their intent to participate in this litigation.[4] Accordingly, on December 27, 2024, the Clerk entered an order of default against Defendants.

---

[3] The "Prevagen Trademark" refers to U.S. Trademark Registration No. 3,349,744. Declaration of Dakota J. Miller ("Miller Decl.") ¶ 4.

[4] On April 16, 2024, a Pakistani attorney named Muhammad Akmal Saleem contacted Plaintiffs' counsel via email and stated that he represented "Mr. Nelson Kamwaro Nyutu." Dkt. 35 ¶ 2. Subsequently, on June 29, 2024, Mr. Saleem's client, "Mr. Nyutu," began contacting Plaintiffs' counsel directly using the email address nelsonx2020@protonmail.com. *Id.* Plaintiffs' counsel exchanged emails with this person, but counsel's last email sent on July 2, 2024 went unanswered. *Id.* Thereafter, on September 23, 2024, Plaintiffs' counsel received an email from a different email address—nkamwaro@protonmail.com—where the sender also purported to be "Mr. Nyutu." *Id.* ¶ 3. However, the sender claimed to be unaware of the prior email communications sent by Mr. Saleem and "Mr. Nyutu." *Id.* Plaintiffs' counsel explained to "Mr. Nyutu" that Plaintiffs would move to enter default against all Defendants if "Mr. Nyutu" failed to provide Plaintiffs with relevant information, enter an appearance, or file a responsive pleading by November 15, 2024. *Id.* "Mr. Nyutu" did not provide the requested information, and to date, no Defendant has entered an appearance or filed any responsive pleading. *Id.*

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 2
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Dkt. 37. Plaintiffs now move for default judgment under Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55(b).

**B.    This Court Has Jurisdiction.**

In considering entry of default judgment, the Court must examine its jurisdiction over the subject matter and parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**1.    Subject Matter Jurisdiction.**

The Court has subject matter jurisdiction over Quincy Bioscience's claims for trademark counterfeiting and trademark infringement (Claim 1), and Plaintiffs' claim for false designation of origin (Claim 2), pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). Additionally, the Court has subject matter jurisdiction over Plaintiffs' claim for violation of the Washington Consumer Protection Act ("CPA") (Claim 3) and Amazon.com Services LLC's breach of contract claim (Claim 4), pursuant to 28 U.S.C. §§ 1332 and 1367.

**2.    Personal Jurisdiction.**

The Court has personal jurisdiction over Defendants on two grounds. First, the Amazon Business Solutions Agreement ("BSA") that Defendants entered into with Amazon in order to register the Selling Accounts contains a forum selection clause that vests this Court with jurisdiction to hear this dispute. FAC ¶¶ 7, 33-39, Ex. B; *see Glud & Marstrand A/S v. Viva Magnetics Ltd (Hong Kong)*, 2012 WL 12878686, at *2 (W.D. Wash. Aug. 7, 2012) (Pechman, J.) (forum selection clause alone is sufficient to confer personal jurisdiction and venue) (citing *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406-07 (9th Cir. 1994)).

Second, independent of the forum selection clause, the Court also has personal jurisdiction over Defendants because they purposefully directed their unlawful activities toward Washington and consummated transactions in Washington, including sales of their counterfeit goods to customers in Washington. FAC ¶ 18. Washington's long-arm statute is coextensive with federal due process. RCW 4.28.180. Therefore, to exercise personal jurisdiction over a nonresident defendant, a defendant need only have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 3
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks

and citation omitted). This means that a "defendant's conduct and connection with the forum

State must be such that the defendant should reasonably anticipate being haled into court there."

*Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal quotation marks and citation

omitted).

This Court has specific jurisdiction over Defendants because their "'contacts with the

forum give rise to the cause of action before the court.'" *Rinky Dink Inc. v. Elec. Merch. Sys.*

*Inc.*, 2014 WL 5880170, at *2 (W.D. Wash. Sept. 30, 2014) (Coughenour, J.) (quoting *Doe v.*

*Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *overruled on other grounds as discussed in*

*Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017)). The Ninth Circuit

evaluates specific jurisdiction using a three-part test:

> (1) The non-resident defendant must purposefully direct his
> activities or consummate some transaction with the forum or
> resident thereof; or perform some act by which he purposefully
> avails himself of the privilege of conducting activities in the
> forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the
> defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and
> substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal quotation

marks and citation omitted). The purposeful availment prong requires a showing that "'defendant

allegedly […] (1) committed an intentional act, (2) expressly aimed at the forum state, (3)

causing harm that the defendant knows is likely to be suffered in the forum state.'" *Yahoo! Inc. v.*

*La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (alteration

in original) (quoting *Schwarzenegger*, 374 F.3d at 803).

These jurisdictional requirements are satisfied. Defendants unlawfully sold counterfeit

Prevagen-branded products that infringe the Prevagen Trademark in violation of state and federal

law, and in breach of Defendants' agreements with Amazon. *See* FAC ¶¶ 33-39. Defendants'

acts were aimed at Washington because Defendants entered into an ongoing contractual

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 4
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

relationship with a Washington company, Amazon, and then violated that contractual relationship by selling counterfeit products in the Amazon Store. *Id.* Pursuant to their contracts with Amazon, Defendants' fraudulent transactions flowed through Washington. Furthermore, through the Selling Accounts, Defendants sold counterfeit Prevagen-branded products to Washington residents. *Id.* ¶ 18. These acts in Washington caused harm to Amazon and its customers, to Quincy Bioscience and its customers, and to the public. *See Yahoo! Inc.*, 433 F.3d at 1206-07. Plaintiffs' claims arise out of these activities, and there is nothing unreasonable about exercising jurisdiction here.

**C.     Plaintiffs' FAC Establishes Defendants' Liability.**

On a motion for default judgment, the Court must accept the factual allegations in the operative complaint as true, with the exception that facts related to the amount of damages must be proven. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (same); *accord Bd. of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.*, 2020 WL 6132203, at *1 (W.D. Wash. Oct. 19, 2020) (Martinez, J.). The factual allegations in the FAC establish that Defendants are liable on all claims.

**1.     Quincy Bioscience Has Proven Its Claim for Trademark Infringement (Claim 1).**

To prevail on its claim for trademark infringement, Quincy Bioscience must show that Defendants "(1) reproduc[ed], counterfeit[ed], [or] cop[ied] … [the Prevagen Trademark], (2) without its consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution or advertising of any goods, (5) where such use is likely to cause confusion, or to cause a mistake or to deceive." *Amazon.com v. Kurth*, 2019 WL 3426064, at *2 (W.D. Wash. July 30, 2019) (Jones, J.) (citing 15 U.S.C. § 1114). The test of likelihood of confusion is "whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the goods or service bearing one of the marks." *Id.* (internal quotation marks and citation omitted). "Commerce" under the Lanham Act is broadly defined as "all commerce which

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION - 5 (2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

may lawfully be regulated by Congress," (15 U.S.C. § 1127), which includes conduct having an effect on interstate sales in the United States, as alleged here. *Steele v. Bulova Watch Co.*, 344 U.S. 280, 286-87 (1952); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 612-13 n.6 (9th Cir. 2010) (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 426 (9th Cir. 1977)).

As alleged by Plaintiffs and admitted by default, Quincy Bioscience has proven this claim by demonstrating the following: (1) it owns the Prevagen Trademark (FAC ¶ 4, Ex. A; Miller Decl. ¶ 4, Ex. A); (2) it examined test-purchased products from the Selling Accounts that were shipped interstate (FAC ¶¶ 40-45; Miller Decl. ¶¶ 5-7); and (3) it determined those products were counterfeit imitations of Prevagen-branded products illegally bearing the Prevagen Trademark, based on deviations between those products and the packaging, instructions, and printing of authentic Quincy Bioscience products (FAC ¶ 40-45; Miller Decl. ¶ 6).

These well-pled allegations, as supported by Plaintiffs' declarations, establish trademark infringement. *See, e.g.*, *Amazon.com, Inc. v. White*, 2022 WL 1641423, at *6-7 (W.D. Wash. May 24, 2022) (Chun, J.) (granting motion for default judgment on trademark infringement claim based on well-pled allegations in complaint); *Amazon.com, Inc. v. Sirowl Tech.*, 2022 WL 19000499, at *2 (W.D. Wash. Oct. 3, 2022) (Lasnik, J.) (finding that "allegations in the complaint, taken as true, establish plaintiffs' trademark infringement claim"); *Powerwand Inc. v. Hefai Neniang Trading Co.*, 2023 WL 4201748, at *4 (W.D. Wash. June 27, 2023) (Chun, J.) (accepting plaintiff's allegations as true, "a reasonably prudent consumer would likely confuse [d]efendants' offerings with [plaintiff's] products" and therefore plaintiff established its claim for trademark infringement); *Coach, Inc. v. Pegasus Theater Shops*, 2013 WL 5406220, at *3 (W.D. Wash. Sept. 25, 2013) (Pechman, J.) ("[b]ecause counterfeit marks are, by design, 'inherently confusing' … if the plaintiff presents evidence demonstrating an allegedly infringing mark is counterfeit, then a strong likelihood of confusion is established and analysis of the *Sleekcraft* factors is unnecessary.") (quoting *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003)).

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 6
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

In summary, Defendants' unauthorized use of the Prevagen Trademark in connection with the sale of counterfeit products in the Amazon Store was likely to confuse customers, causing them to believe, erroneously, that Defendants' goods were provided, sponsored, approved by, or somehow affiliated with, Quincy Bioscience.

### 2. Plaintiffs Have Proven Their Claims for False Designation of Origin (Claims 2 and 3).

To prevail on their claims for false designation of origin, the Quincy Bioscience Plaintiffs and Amazon each must show that Defendants "(1) used in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question." *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015) (citing *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902-04 (9th Cir. 2007)); 15 U.S.C. § 1125. These elements are routinely met in cases involving counterfeit marks, as "counterfeit marks are inherently confusing." *Philip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) (internal quotation marks and citations omitted). With regard to Amazon, a plaintiff is not required to own the trademarks that are infringed in order to state a claim under Section 43(a) of the Lanham Act (codified at 15 U.S.C. § 1125(a)). *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 310 F. Supp. 3d 1089, 1114 (S.D. Cal. 2018) ("The question of ownership is immaterial to standing under § 43(a).") (internal quotation marks and citations omitted). Section 43(a) is "remedial in nature and should be interpreted and applied broadly so as to effectuate its remedial purpose." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001).

Here, the Quincy Bioscience Plaintiffs and Amazon have both proven their false designation claims. As noted above, Plaintiffs have shown that Defendants sold counterfeit imitations of Prevagen-branded products bearing the Prevagen Trademarks. FAC ¶¶ 40-45; Miller Decl. ¶¶ 5-7. This misuse of the Prevagen Trademark deceived customers into believing that they were buying authentic Quincy Bioscience products when the goods were actually

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 7
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

counterfeit. FAC ¶¶ 5-6, 47, 61-63. Defendants' exploitation of the Prevagen Trademark undermined Quincy Bioscience's ability to safeguard its brand goodwill and reputation for quality and excellence. *See* FAC ¶¶ 5-6; Miller Decl. ¶ 7.

Likewise, Defendants deceived Amazon about the authenticity of the products they were advertising, marketing, offering, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. The BSA requires a seller to represent and warrant that it "'will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights' under the BSA." FAC ¶ 34, Ex. B. The BSA also incorporates Amazon's Anti-Counterfeiting Policies, which expressly prohibit the sale of counterfeit products and describe Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store and the consequences for violating Amazon's policies. *Id*. ¶ 36, Ex. C. Defendants agreed to those terms and then egregiously flouted them. *Id*. ¶¶ 10-11, 33-39.

Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for Defendants' deceptive acts. *Id*. ¶ 63. Defendants' false and deceptive sale of counterfeit products in the Amazon Store jeopardized the trust that customers place in the Amazon Store and the Amazon brand, which is one of the most recognized, valuable, and trusted brands in the world. *Id*. ¶¶ 2, 60. The injury caused by Defendants to Amazon is irreparable because it undermined, and threatens to continue to undermine, the significant efforts that Amazon takes to protect the reputation of the Amazon Store as a place where customers can conveniently select from a wide array of authentic goods made by the true manufacturer of those products. *Id*. ¶¶ 22-24, 64. Moreover, Amazon issued refunds to all customers who purchased counterfeit Prevagen-branded products sold by Defendants. Garrett Decl. ¶ 4. After accounting for any funds that Amazon recovered from Defendants' sale proceeds or credit cards on file, Amazon incurred a total of $368,560.40 in damages in issuing these customer refunds. *Id*. Defendants did not reimburse Amazon for the money it refunded to customers. *Id*.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 8
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

### 3. Plaintiffs Have Proven Their Claim for Violation of the Washington Consumer Protection Act (Claim 3).

3

4

5

6

7

8

9

To prevail on their claim for violation of the Washington CPA, Plaintiffs must show "(1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) affecting the public interest; (4) injuring their business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered." *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 2020 WL 758070, at *2 (W.D. Wash. Feb. 14, 2020) (Martinez, J.). Because a CPA claim is "substantially congruous" to federal claims under the Lanham Act, *id*., the above analysis demonstrates that Plaintiffs have proven their CPA claims.

10

11

### 4. Amazon.com Services LLC[5] Has Proven Its Claim for Breach of Contract (Claim 4).

12

13

14

To prevail on its claim for breach of contract, Amazon must show (1) a valid contract existed between the parties, (2) the contract was breached, and (3) resulting damages. *Lehrer v. State, Dep't of Soc. & Health Servs.*, 101 Wn. App. 509, 516 (2000).

15

16

17

18

19

20

21

22

23

24

25

26

Here, Amazon has proven its breach of contract claim. Defendants established the Selling Accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. FAC ¶¶ 33-39, 74. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website. *Id*. Defendants' sale and distribution of counterfeit Prevagen-branded products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways, including by infringing Quincy Bioscience's Intellectual Property rights and by providing Amazon with false, fraudulent, or otherwise inaccurate identification, contact, and/or banking information in connection with the Selling Accounts. *Id*. ¶ 77. Defendants also breached the BSA by failing to fully reimburse Amazon for the amounts it paid to refund customers who purchased counterfeit Prevagen-branded products

27

---

[5] For the breach of contract claim only, "Amazon" refers to Amazon.com Services LLC only.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 9
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

from Defendants. *Id.*, Ex. B § 6.1. Defendants' breaches have resulted in harm to Amazon. FAC ¶ 49. Specifically, Amazon paid $368,560.40 to refund customers who purchased counterfeit Prevagen-branded products sold by Defendants, after deducting amounts that Amazon withheld from Defendants' sale proceeds and/or was able to recover from Defendants through the credit cards on file with Amazon. Garrett Decl. ¶ 4.

### D.    The *Eitel* Factors Weigh in Favor of Default Judgment.

To determine if default judgment is appropriate, courts apply the *Eitel* factors; namely, "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, as to the first factor, without entry of default judgment, Plaintiffs are prejudiced in that they will have no remedy. *See Criminal Prods., Inc. v. Gunderman*, 2017 WL 664047, at *2 (W.D. Wash. Feb. 17, 2017) (Jones, J.). Defendants have illegally sold counterfeit Prevagen-branded products, deceiving customers and Amazon, infringing Quincy Bioscience's valuable intellectual property, tarnishing the Quincy Bioscience Plaintiffs and Amazon's reputations, and causing Plaintiffs financial losses. Without a default judgment, Plaintiffs lack a remedy and will "suffer great prejudice through the loss of sales and diminution of goodwill," while Defendants evade justice and retain all profits from their illegal endeavors. *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

As to the second and third factors, Plaintiffs have proven all of the claims asserted in their well-pled FAC. *See Microsoft Corp. v. Ricketts*, 2007 WL 1520965, at *2 (N.D. Cal. May 24, 2007) (second and third *Eitel* factors typically considered together). *See supra* Section II(C)(1)-(3).

As to the fourth factor, the damages that Quincy Bioscience seeks are authorized by statute and are proportionate to the financial and reputational harm caused by Defendants'

counterfeiting scheme. *See Lions Gate Films Inc. v. Saleh*, 2016 WL 6822748, at *4 (C.D. Cal. Mar. 24, 2016) ("The fourth factor balances the sum of money at stake 'in relation to the seriousness of the action.' The amount at stake must not be disproportionate to the harm alleged.") (internal quotation marks and citation omitted). As alleged in the FAC, Defendants' counterfeiting scheme caused harm to Quincy Bioscience's reputation and goodwill, as well as direct financial harm in the form of lost sales. FAC ¶¶ 6, 56; Miller Decl. ¶ 7. The statutory damages sought here (addressed *infra* Section II(E)(1)) are proportional to the harm caused by Defendants and serve the Lanham Act's compensatory and deterrent purposes. Similarly, Amazon's damages are proportional to the actual harm it has suffered because it is only seeking the actual damages Amazon incurred when refunding customers for the counterfeit products they purchased from Defendants. FAC ¶ 49; Garrett Decl. ¶ 4.

As to the fifth factor, the possibility of a dispute concerning material facts is outweighed by Defendants' failure to appear, respond to the FACs, or otherwise avail themselves of their "ample opportunity to contest the allegations." *Criminal Prods.*, 2017 WL 664047, at *3. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (Robart, J.). Here, not only are Plaintiffs' allegations taken as true, but Plaintiffs have also identified irrefutable evidence of Defendants' infringement, including by reviewing counterfeit test purchases. FAC ¶¶ 40-43; Miller Decl. ¶ 6.

Under the sixth factor, it is "unlikely that the Defendants' failure to respond is the product of excusable neglect" because Defendants were served with the Summonses and FAC. *Criminal Prods.*, 2017 WL 664047, at *2. Defendants have not answered or otherwise appeared in this action despite this service. Dkt. 37.

For the seventh factor, although there is a strong policy for deciding cases on the merits, Defendants' refusal to respond to Plaintiffs' claims makes such a decision "'impractical, if not

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 11
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

impossible.'" *Lions Gate*, 2016 WL 6822748, at *5 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

In sum, all of the *Eitel* factors support entry of default judgment against Defendants.

**E.    The Court Should Award Plaintiffs the Relief Requested in the FAC.**

**1.    The Court Should Exercise Its Discretion under the Lanham Act to Award Statutory Damages to Quincy Bioscience.**

In counterfeit trademark cases, the Lanham Act allows an aggrieved trademark owner to elect statutory damages in lieu of actual damages. *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 667, 679 (W.D. Tex. 2008). Where a court finds that the use of the counterfeit mark was willful, it may award statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods … sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). "Willful trademark infringement occurs when the defendant's actions are willfully calculated to exploit the advantage of an established mark," *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015) (internal quotation marks and citation omitted), such as when the defendant's conduct is "deliberate, false, misleading, or fraudulent," *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (internal quotation marks and citation omitted).

Quincy Bioscience is entitled to statutory damages for Defendants' trademark violations and is electing those damages rather than actual damages. 15 U.S.C. §1117(c); *see also Microsoft Corp. v. BH Tech, Inc.*, 2016 WL 8732074, at *6 (C.D. Cal. Sept. 2, 2016). Statutory damages are particularly appropriate in default judgment cases because the evidence proving actual damages remains entirely within the defendants' control. *See Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007); *Koninklijke Philips Elecs., N.V. v. KXD Tech., Inc.*, 347 F. App'x 275, 276 (9th Cir. 2009) (entering default judgment for statutory damages because the defendant's failure to comply foreclosed proof of actual damages); *Kurth*, 2019 WL 3426064, at *4 ("[W]here proving actual damages in a default judgment is difficult due to the defendant's absence, statutory damages are appropriate."). "Statutory damages further 'compensatory and

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 12
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

punitive purposes,' and help 'sanction and vindicate the statutory policy of discouraging infringement.'" *Dream Games of Ariz. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009) (quoting *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)).

Where, as here, defendants have failed to defend the claims, allegations of willfulness are deemed admitted. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). The FAC's well-pled allegations of willfulness are therefore deemed admitted. *See* FAC ¶¶ 6, 46, 54, 61, 63. Moreover, Defendants' deliberate and willful counterfeit trafficking scheme is demonstrated by the volume of counterfeit products they sold in the Amazon Store. Indeed, Defendants sold at least $508,938.64 of counterfeit Prevagen-branded products through the Selling Accounts. Garrett Decl. ¶ 3; *see Philip Morris USA Inc. v. Marlboro Express*, 2005 WL 2076921, at *6 (E.D.N.Y. Aug. 26, 2005) (finding defendant's conduct willful for purposes of awarding enhanced statutory damages). The Court must award at least $1,000 per infringed mark (15 U.S.C. §1117(c)(1)), but it has discretion to award up to $2,000,000 in statutory damages for each mark that Defendants willfully infringed. Quincy Bioscience has alleged and proven Defendants' willful and unlawful use of the Prevagen Trademark. FAC ¶¶ 6, 54, Ex. A; Miller Decl. ¶ 7, Ex. A. Therefore, potential statutory damages in this case run between $1,000 and $2,000,000.

To calculate statutory damages for willful infringement, courts consider the need to: (1) "compensate" the plaintiffs for the damage the defendant's actions caused; (2) "deter" the defendants from violating the trademark[s]; and (3) "punish" the defendants for willfully violating the trademark[s]. *See Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1124 (C.D. Cal. 2007). "The flagrant nature of defendants' activities underscores the need for a damages award that will deter them from engaging in such conduct in the future." *Nautilus, Inc. v. Chunchai Yu*, 2011 WL 13213575, at *16 (C.D. Cal. Dec. 19, 2011) (awarding *maximum* $8 million in statutory damages against three defendants and $4 million in statutory damages against remaining two defendants for infringing four trademarks); *see also Wimo Labs, LLC v. eBay, Inc.*, 2017 WL 10439835, at *6 (C.D. Cal. Aug. 3, 2017) (awarding *maximum* $4 million

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 13
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

in statutory damages where defendants infringed two trademarks); *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, 2015 WL 9690322, at *4 (C.D. Cal. Sept. 29, 2015) (awarding $5 million as half of maximum statutory damages where defendant infringed five trademarks); *Coach Servs., Inc. v. YNM, Inc.*, 2011 WL 1752091, at *5-6 (C.D. Cal. May 6, 2011) (awarding $1 million as half of maximum statutory damages where defendants infringed one trademark); *Castworld Prods., Inc.*, 219 F.R.D. at 502 (awarding the then-maximum $2 million in statutory damages where defendants infringed two trademarks).

Here, Defendants engaged in a scheme to import and sell counterfeit Prevagen-branded products in the Amazon Store. Defendants deceived customers, infringed Quincy Bioscience's valuable intellectual property, deprived Quincy Bioscience of legitimate sales, and tarnished Quincy Bioscience's reputation by selling counterfeit products under the Quincy Bioscience brand. *See generally* FAC. Selling these counterfeit products was particularly harmful to Quincy Bioscience because, as compared with Quincy Bioscience's genuine products, the counterfeits were manufactured with subpar materials and shipped in inferior packaging. Miller Decl. ¶ 6. Misleading customers to believe that these inferior products were manufactured by Quincy Bioscience is a direct affront to the level of quality and craftsmanship associated with the Prevagen brand. *Id*.; FAC ¶¶ 3, 4.

In addition to the incalculable loss of reputation and goodwill that Defendants caused to Quincy Bioscience, Defendants diverted legitimate sales that Quincy Bioscience otherwise would have made, including *at least* the amount of Defendants' aggregate sales of $508,938.64 and likely much more. Garrett Decl. ¶ 3.

Plaintiffs' investigation revealed that Defendants collectively operated a complex counterfeiting scheme to sell counterfeit Prevagen-branded supplements in the Amazon Store. Declaration of Scott Commerson ("Commerson Decl.") ¶ 2. Defendant Nyutu used two companies that he controlled—Defendant EMB Imports and A2X Ltd.—to perpetuate the

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 14
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

scheme. *Id.* ¶ 6. Defendant Noor actively assisted Nyutu's counterfeiting activities.[6] Productions from third-party financial institutions disclosed that EMB Imports received proceeds from the sale of counterfeit Prevagen-branded supplements by the Gigiri Retail, Kitisuru Mall, Milleys Malls, and Walgreen Deals Selling Accounts; that Defendants Nyutu and A2X Ltd. received proceeds from the sales of counterfeit-Prevagen branded supplements by the Milleys Malls Selling Account; and that Defendants Nyutu and Noor received proceeds via accounts that had been registered under others' names from the Kitisuru Mall and Mac Defense Selling Accounts.[7] *Id.* ¶¶ 3 - 5. Because the evidence shows that Defendants acted in concert to sell the counterfeit products through the selling Accounts, it is appropriate for the Court to hold Defendants jointly and severally liable for all the sales of counterfeit Prevagen products by the Selling Accounts. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (holding defendants jointly and severally liable for an award of statutory damages under 15 U.S.C. § 1117(c)); *Coach, Inc. v. Citi Trends, Inc.*, 2019 WL 1940622, at *5 (C.D. Cal. Apr. 5, 2019) ("When there are multiple parties liable for counterfeiting the same trademarked goods, statutory damages under section 1117(c) are assessed on a joint and several basis.").

Through the Selling Accounts they collectively controlled, Defendants sold a total of $508,938.64 in counterfeit Prevagen-branded products. Garrett Decl. ¶ 3. Quincy Bioscience therefore seeks an award of three times the aggregate sales of counterfeit products in connection with these Selling Accounts—**$1,526,815**—in statutory damages against Defendants, jointly and severally. This request is conservative, reasonable, and in line with other awards in this District where that amount is below the Lanham Act's damages cap. *See Sirowl Tech.*, 2022 WL 19000499, at *4-5 (finding award of three times the amount of counterfeit sales—$1,220,049—a "conservative and reasonable" amount sufficient to compensate plaintiffs for damages caused by defendants, to deter future violations, and to punish willful trademark violations); *White*, 2022

---

[6] Defendant Nyutu admitted in a video call that Defendant Noor helped him operate the Selling Accounts, and Defendant Noor received the proceeds from the sale of counterfeit Prevagen products by two of the Selling Accounts, and forwarded those proceeds to Defendant Nyutu's bank account. Commerson Decl. ¶¶ 5, 7.

[7] Productions also disclosed that Defendant EMB Imports sent the proceeds from the sale of counterfeit Prevagen-branded supplements to Defendant A2X Ltd. *Id.* ¶ 3.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 15
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

WL 1641423, at *6-7 (awarding plaintiff three times the aggregate sales of counterfeit products in the Amazon Store); *Amazon.com Inc. v. Zhi*, 2024 WL 943465, at *5-7 (W.D. Wash. Mar. 4, 2024) (Cartwright, J.) (awarding plaintiff three times the aggregate sales of counterfeit products in the Amazon Store); *see also Coach, Inc. v. Citi Trends, Inc.*, 2019 WL 1940622, at *5 (C.D. Cal. Apr. 5, 2019) ("When there are multiple parties liable for counterfeiting the same trademarked goods, statutory damages under section 1117(c) are assessed on a joint and several basis.").

Defendants' refusal to participate in this litigation prevents Quincy Bioscience from uncovering the entire scope of their scheme, including the full extent of their sales or profits outside of the Amazon Store. Statutory damages are the only mechanism to compensate Quincy Bioscience for its financial losses and the unquantifiable reputational harm it has suffered. The statutory damages that Quincy Bioscience seeks also serve to punish Defendants and deter them from engaging in further illegal activities. Absent a substantial damages award, Defendants will not have any incentive to stop abusing Quincy Bioscience's brand. While injunctive relief is both appropriate and necessary (as described below), it alone is not adequate to deter Defendants from continuing to perpetrate their illegal scheme. A significant monetary judgment against Defendants will help to deter their conduct by making it more difficult for them to generate profits by infringing the intellectual property rights of others.

### 2.    The Court Should Award Actual Damages to Amazon for Defendants' Breaches of Contract and False Designations of Origin.

Amazon seeks an award of the actual damages it suffered as a result of Defendants' breaches of the BSA and violations of the Lanham Act.

Upon discovering that Defendants breached the BSA by selling counterfeit Prevagen-branded products in the Amazon Store, Amazon shut down the Selling Accounts and subsequently issued refunds to customers who purchased the counterfeit products from Defendants. Garrett Decl. ¶ 4. The BSA and Amazon's Anti-Counterfeiting Policy, which is incorporated into the BSA by reference, explicitly prohibit the sale of counterfeit goods. FAC

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 16
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

¶¶ 36-38, Ex. B ¶ 2, Ex. C ("The sale of counterfeit products is strictly prohibited"). Defendants further represented and warranted under the BSA that they would "comply with all applicable Laws in [the] performance of [their] obligations and exercise of [their] rights," and that they would defend, indemnify, and hold Amazon harmless against any claims or losses arising from their "actual or alleged infringement of any Intellectual Property Rights." *Id*. Ex. B §§ 5, 6.1. The BSA further requires Defendants to reimburse Amazon for the refunds it issued as a result of their sale of counterfeit goods. *Id.* § 6.1 ("You will defend, indemnify, and hold harmless Amazon … against any … loss [or] damage … arising from or related to … Your Products, including the … refund … thereof"); Garrett Decl. ¶ 4. Defendants have breached these provisions and the BSA's incorporated policies by selling counterfeit Prevagen-branded products in the Amazon Store. FAC ¶¶ 40-42; Miller Decl. ¶¶ 5-7; Garrett Decl. ¶ 3. Amazon suffered damages as a result of those breaches when it refunded customers who unwittingly purchased Defendants' counterfeit products, and when Defendants failed to fully reimburse Amazon for those refunds. Garrett Decl. ¶ 4.

The Lanham Act provides an additional and independent basis to award Amazon its actual damages. Section 1117(a) of the Lanham Act provides that, for a violation under section 1125(a), the Court, "in its discretion" and "subject to the principles of equity," may award a plaintiff "any damages sustained by the plaintiff." 15 U.S.C. § 1117(a). To prove actual damages, a plaintiff need only show "substantial evidence" for the fact finder "to draw reasonable inferences and make a fair and reasonable assessment." *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1112 (9th Cir. 2012) (stating that this is a lower standard than proving infringement). The Ninth Circuit recently directed district courts to "assess trademark damages 'in the same manner as tort damages: the reasonably foreseeable harms caused by the wrong.'" *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1220 (9th Cir. 2023) (affirming award of trademark infringement damages arising from damaged business relationship, as it was "a risk within the scope of [defendant's] infringement."). "[I]t is essential

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 17
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

that trial courts carefully fashion remedies which will take all the economic incentive out of trademark infringement." *Id*. at 1222.

Based on these principles, it is clear that Amazon's losses from refunding customers who purchased Defendants' counterfeit products were caused by Defendants' false designation of origin of such products. Amazon's losses also were clearly foreseeable, as Defendants contractually agreed they would be responsible for such refunds. *See* FAC Ex B. Thus, the Lanham Act provides an additional basis for the Court to award Amazon the actual damages it suffered arising from Defendants' counterfeit sales.

After accounting for funds that Amazon recovered from Defendants' sale proceeds or from the credit cards that Defendants had on file with Amazon, Amazon suffered the following losses associated with the following Selling Accounts: (1) Gigiri Retail: $2,250.58; (2) Kitisuru Mall: $44,865.98; (3) Mac Defense: $5,478.55; (4) Milleys Malls: $124,869.57; and (5) Walgreen Deals: $191,095.72. Garrett Decl. ¶ 4. Accordingly, Amazon seeks to recover from Defendants the total $368,560.40 amount owed by the Gigiri Retail, Kitisuru Mall, Mac Defense, Milleys Malls, and Walgreen Deals Selling Accounts they control. *See id*. Amazon seeks to recover from Defendants, jointly and severally, the $368,560.40 amount owed by the Gigiri Retail, Kitisuru Mall, Mac Defense, Milleys Malls, and Walgreen Deals Selling Accounts that Defendants jointly controlled. *See id.* This request is consistent with breach of contract damages awarded to Amazon in similar cases. *See, e.g.*, *Amazon.com, Inc. v. Ananchenko*, 2024 WL 3582311, at *6 (W.D. Wash. July 30, 2024) (Lin, J.) (awarding Amazon breach of contract damages in the amount of refunds Amazon paid to customers who purchased counterfeit products sold by the defendants in the Amazon Store); *Amazon.com Inc. v. Tang*, 2024 WL 3521528, at *5 (W.D. Wash. July 24, 2024) (Cartwright, J.) (same); *Amazon Techs. Inc. v. Kitsenka*, 2024 WL 3069370, at *7 (W.D. Wash. June 20, 2024) (Lasnik, J.) (same); *Amazon.com, Inc. v. Li*, 2024 WL 1832466, at *8 (W.D. Wash. Apr. 26, 2024) (Lin, J.) (same); and *Amazon Techs. Inc. v. Qiang*, 2024 WL 1606109, at *9 (W.D. Wash. Apr. 12, 2024) (Lin, J.) (same).

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION - 18 (2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**3.      Plaintiffs Are Entitled to a Permanent Injunction.**

Plaintiffs also seek a permanent injunction enjoining Defendants from their infringing uses of the Prevagen Trademark and from selling counterfeits in Amazon's stores. FAC § VI. Specifically, Plaintiffs seek an order permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, who receive actual notice of this order, from:

     a.   selling counterfeit or infringing products in Amazon's stores;

     b.   selling counterfeit or infringing products to Amazon or any Amazon affiliate;

     c.   importing, manufacturing, producing, distributing, circulating, offering to sell, selling, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Quincy Bioscience Plaintiffs' brand or trademarks, or which otherwise infringes the Quincy Bioscience Plaintiffs' IP, on any platform or in any medium; and

     d.   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

The Lanham Act authorizes "the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006) (quoting 15 U.S.C. § 1116(a)). The Washington CPA similarly authorizes injunctions to prevent violations of the statute. RCW 19.86.090 (allowing injunction against violations of the CPA). Indeed, it has long been recognized in the Ninth Circuit that "[a]n injunction is the standard remedy in unfair competition cases," and "[i]njunctions for trademark infringement are well-recognized by this circuit." *Nat'l Football League Props.*, *Inc. v. Wichita Falls Sportswear, Inc.*, 532 F. Supp. 651, 664 (W.D. Wash. 1982) (citing *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817 (9th Cir. 1980) and *HMH Publ'g Co., Inc. v. Brincat*, 504 F.2d 713 (9th Cir. 1974)).

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION - 19 (2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

With the passage of the Trademark Modernization Act of 2020, there is a rebuttable presumption of harm upon a showing of success on the merits. *See* 15 U.S.C. § 1116(a) (as amended December 27, 2020) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction."). Further, "[a] permanent injunction based upon a trademark infringement action is appropriate where it is not 'absolutely clear' that a defendant's infringing activities have ceased and will not begin again." *Coach Servs.*, 2011 WL 1752091, at *4 (citation omitted). Courts have emphasized that a defendant's failure to answer a complaint or appear in litigation suggests it will continue infringing activities absent an injunction. *See BH Tech*, 2016 WL 8732074, at *7; *Lions Gate*, 2016 WL 6822748, at *6; *Adobe Sys. Inc. v. Cain*, 2008 WL 5000194, at *3 (N.D. Cal. Nov. 21, 2008) ("[defendant's] refusal to answer or appear in this litigation has given the court no assurance that [defendant's] infringing activity will cease and makes it difficult for [plaintiff] to prevent further infringement.").

In trademark cases, courts apply the traditional four-factor test for granting a permanent injunction. *See Reno Air Racing Ass'n.*, 452 F.3d at 1137 (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392 (2006)). The four factors address whether: (1) the plaintiff has suffered irreparable injury; (2) the plaintiff can be adequately compensated by a remedy at law, such as monetary damages; (3) the balance of hardships between the plaintiff and defendant favors the plaintiff; and (4) the permanent injunction will serve the public. *eBay*, 547 U.S. at 391.

Notably, a court in this District recently issued a permanent injunction on terms and under circumstances nearly identical to those here. *Zhi*, 2024 WL 943465, at *5-7. In *Zhi*, Amazon.com, Inc. and J.L. Childress Co., Inc. ("J.L. Childress"), brought claims against a seller under the Lanham Act, seeking damages and to enjoin sales of counterfeit J.L. Childress-branded goods in the Amazon Store. *Id*. at *1-2. Following entry of default, Amazon and J.L. Childress filed a motion for default judgment. *Id*. at *3. In granting that motion, the court found that each of the four *eBay* factors noted above weighed in favor of the plaintiffs' requested permanent

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 20
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

injunction. *Id.* at \*5-6. Accordingly, in addition to awarding J.L. Childress's requested monetary damages, the court issued an injunction permanently barring the defendants, and those acting in concert with them, from (1) manufacturing, importing, distributing, or selling any product that infringed on J.L. Childress's trademarks, (2) selling counterfeit goods of any kind to Amazon or its affiliates, and (3) assisting, aiding, or abetting any other party engaging in these prohibited activities. *Id.* at \*5-7; *see also White*, 2022 WL 1641423, at \*5-7 (ordering permanent injunction against defendants and those acting in concert with them); *Sirowl Tech.*, 2022 WL 19000499, at \*5-7 (ordering statutory damages and permanent injunction on terms nearly identical to *White* and based on similar counterfeiting conduct).

As in *Zhi*, *White,* and *Sirowl Technology*, here all four *eBay* factors favor granting Plaintiffs' requested relief, and therefore a permanent injunction should issue. Consistent with Federal Rule of Civil Procedure 65(d)(2), Plaintiffs further request that the permanent injunction cover the named Defendants and "their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of the order." *See* Proposed Order. Rule 65 provides that injunctive relief is binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order[.]" *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13-14, 16 (1945) (citing Fed. R. Civ. P. 65(d)(2)). Courts therefore properly include language in orders indicating that injunctive relief applies to individuals acting in concert with the named defendant. *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 2918724, at \*15-16 (C.D. Cal. Apr. 12, 2023). Otherwise, "[e]xcluding the phrase 'acting in concert' from the injunction could nullify the decree by allowing Defendants to engage in [prohibited acts] through aiders and abettors." *Id.*

For example, in accordance with Rule 65, a court in this District granted a permanent injunction in a trademark infringement case "prohibiting each defendant and their *officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them who receive actual notice of the permanent injunction by personal service or*

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 21
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    *otherwise*" from using the infringing mark. *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d

2    1181, 1193 (W.D. Wash. 2010) (Zilly, J.) (emphasis added); *see also Zhi*, 2024 WL 943465, at

3    *5-7.

4        Here, also, the permanent injunction should cover Defendants as well as their "officers,

5    agents, servants, employees and attorneys, and those persons acting in active concert or

6    participation with them who receive actual notice of the [permanent injunction]." *Zhi*, 2024 WL

7    943465, at *7.

8                    **a.    Plaintiffs Have Suffered Irreparable Injury.**

9        Defendants' infringements have irreparably harmed Plaintiffs. Defendants' actions have

10   damaged and will continue to damage the Quincy Bioscience Plaintiffs' business, reputation, and

11   goodwill, and may discourage current and potential customers from purchasing Prevagen-

12   branded products. Similarly, by selling counterfeit products in the Amazon Store, Defendants

13   have harmed Amazon's business, reputation, and goodwill, and may discourage customers who

14   unknowingly purchased counterfeit products from continuing to shop in the Amazon Store. Such

15   irreparable damage will continue unless Defendants' acts are enjoined. Defendants' conduct of

16   selling counterfeit products while refusing to appear or respond in any way to Plaintiffs' claims

17   is indicative of their refusal to acknowledge or defend their wrongdoing and, by extension, their

18   likelihood to continue that conduct, whether under their own names or aliases. Although Amazon

19   has blocked the Selling Accounts, Defendants (and those acting in concert with them) may seek

20   other means of selling items to Amazon, its affiliates, or in the Amazon Store. Unless Defendants

21   are enjoined, their conduct threatens ongoing harm to Plaintiffs.

22                   **b.    The Injury Cannot Be Compensated Adequately by Remedies**
                            **at Law.**
23

24       Defendants' willful infringements have harmed and continue to harm Plaintiffs' business,

25   reputation, and goodwill such that Plaintiffs cannot be made whole by a monetary award. *See* 15

26   U.S.C. § 1116(a) (as amended December 27, 2020) (presumption of irreparable injury); *T-Mobile*

27   *USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1133 (W.D. Wash. 2012) (injury presumed irreparable

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 22
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

upon finding of infringement) (citing *eBay*, 547 U.S. at 390; *Reno Air Racing Ass'n.*, 452 F.3d at 1137 n.11); *see also eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000) ("Harm resulting from lost profits and lost customer goodwill is irreparable because it is neither easily calculable, nor easily compensable and therefore is an appropriate basis for injunctive relief."). Without injunctive relief, Plaintiffs will be forced to repeatedly file suit any time Defendants are found to be infringing the Prevagen Trademark or otherwise deceiving customers and Amazon. *See Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-05 (9th Cir. 1994) ("[T]he multiplicity of suits necessarily to be engendered if redress was sought at law, all establish the inadequacy of a legal remedy and the necessity for the intervention of equity.") (internal quotation marks and citation omitted). After resolution of this case, permanent injunctive relief is the only adequate remedy to avoid the continued threat of Defendants' infringement and deceptive conduct.

### c.    The Balance of Hardships Favors Plaintiffs.

The balance of hardships favors Plaintiffs. If an injunction does not issue, Plaintiffs stand to suffer further damage from Defendants' continued unauthorized distribution of products bearing counterfeit Prevagen Trademark, whereas there is no hardship to Defendants that would counterbalance this consideration. *T-Mobile*, 862 F. Supp. 2d at 1133-34 ("Defendant has no legitimate interest" in continuing with deceptive conduct).

### d.    The Public Interest Is Served by Preventing Defendants from Perpetuating Their Counterfeiting Activities.

Finally, the public interest is undoubtedly served by preventing Defendants from continuing their infringing actions and from selling counterfeit Prevagen-branded products. Defendants' infringement harms consumers who rely upon the Prevagen Trademark as a signal of quality, safety, and reliability, and who trust Amazon's reputation. *Treemo, Inc. v. Flipboard, Inc.*, 53 F. Supp. 3d 1342, 1368 (W.D. Wash. 2014) (citing *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999)); *see also Amazon.com, Inc. v. Robojap Techs. LLC*, 2021 WL 5232130, at *4 (W.D. Wash. Nov. 10, 2021) (Pechman, J.).

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 23
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### III.    CONCLUSION

Plaintiffs respectfully request that the Court enter default judgment against Defendants and award Quincy Bioscience **$1,526,815** in statutory damages against Defendants, jointly and severally. Plaintiffs further request that the Court also award Amazon **$368,560.40** in actual damages against Defendants jointly and severally. Plaintiffs further ask the Court to enter a permanent injunction prohibiting Defendants and their agents who receive actual notice of the injunction from engaging in any further infringement of Quincy Bioscience's intellectual property, or from selling or attempting to sell counterfeit or infringing products to Amazon, its affiliates, or in Amazon's stores. *See* Proposed Order.

*I certify that this memorandum contains 8,255 words, in compliance with the Court's Order permitting an over-length brief. See Dkt. 40.*

DATED this 3rd day of February, 2025.

DAVIS WRIGHT TREMAINE LLP
*Attorney for Plaintiffs*

s/ Scott Commerson
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 24
(2:23-cv-01681-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax